**Mary Louise WOLK, et al., Appellants,**

v.

**James DeCOWSKI, et al., Respondents.**

**No. 81–266.**

Supreme Court of Minnesota.

Sept. 25, 1981.

Rehearing Denied Nov. 3, 1981.

Friedberg & Peterson, Mark W. Peterson, Minneapolis, Holmes & Graven and Larry Wertheim, Minneapolis, for appellants.

Thomas L. Johnson, County Atty., Paul Gilles, Asst. County Atty., Minneapolis, Robert Alfton, Minneapolis City Atty., Joseph LaBat, Asst. City Atty., Minneapolis, for respondents.

SHERAN, Chief Justice.

This appeal is from an order of the district court, which denied a temporary injunction and dismissed a complaint for civil damages with prejudice. Plaintiffs are people whose telephones were tapped pursuant to court orders in late 1980 and early 1981. Defendants are the law enforcement officers who carried out the orders. The orders, pursuant to Minn.Stat. § 626A.05 (1980), were based on information suggesting plaintiffs were involved in illegal gambling. Plaintiffs' action was based on section 626A.13, which authorizes injunctive relief and civil damages for illegal interception of oral or wire communications. The district court denied injunctive relief and dismissed the complaint with prejudice because it concluded the orders were authorized by the statute. This appeal followed. Holding that the statute did not clearly authorize such taps and that the statute must be construed strictly against the state, we reverse the district court's order and remand for further proceedings.

Minn.Stat. § 626A.05, subd. 2 (1980), the applicable statute, provides as follows:

Offenses for which interception of wire or oral communication may be authorized. A warrant authorizing interception of wire or oral communications by investigative or law enforcement officers may only be issued when such interception may provide evidence of the commission of any criminal felony offense involving murder, manslaughter, aggravated assault, aggravated robbery, kidnapping, aggravated rape, prostitution, bribery, perjury, escape from custody, theft, receiving stolen property, embezzlement, burglary, forgery, aggravated forgery, gambling, and offenses relating to controlled substances, or an attempt or conspiracy to commit any such offense or said offenses, as punishable under sections 609.185, 609.19, 609.195, 609.20, 609.225, 609.245, 609.25, 609.291, 609.321 to 609.324, 609.42, 609.48, 609.485, subdivision 4, clause (1), 609.52, 609.53, 609.54, 609.58, 609.625, 609.63, 609.76, 609.825, and chapter 152.

Plaintiffs, arguing for a strict construction of the statute, contend that the statute authorizes interception of communications

involving gambling only when gambling, which is a misdemeanor or gross misdemeanor, is committed in connection with some felony. The district court pointed out that while one part of the statute says that a warrant authorizing interception may be issued only when interception may provide evidence of the commission of any criminal felony offense, another part specifically mentions gambling among the offenses for which authorization is allowed. Concluding that the specific provision should govern over the general provision and bearing in mind that gambling is the type of offense in which such warrants have been commonly sought over the years, the district court ruled that the statute authorized the warrants in question.

We believe that the statute is ambiguous as to whether the legislature intended issuance of warrants to intercept communications in gambling cases such as this. The trial court's resolution of this ambiguity is not an unreasonable one, but we believe that the normal standards of statutory interpretation and construction cannot be followed in resolving ambiguities in a statute dealing with interception of private communications of citizens. Following the strict approach which we believe is necessary in resolving ambiguities against the state, we hold that the taps in question were not authorized by the statute. The legislature, of course, is free to more clearly express its intent that the statute apply to gambling offenses if that indeed was the legislature's true intent.

Reversed and remanded.